# IN THE COURT OF APPEALS OF IOWA

No. 16-0520
Filed November 9, 2016

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**KELLY DEAN WILSON,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Appanoose County, Rose Anne Mefford, District Associate Judge.

A defendant convicted of operating while intoxicated challenges the ruling on his motion to suppress evidence.  **AFFIRMED.**

Steven Goodlow, Albia, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

Kelly Dean Wilson appeals his conviction for operating while intoxicated. He argues a deputy with the Appanoose County Sheriff's Office impermissibly stopped his car and the district court should have granted his motion to suppress evidence from the traffic stop. Because the evidence at the suppression hearing showed the deputy had probable cause for the stop, we agree with the district court's ruling and affirm Wilson's conviction.

On patrol in the early morning hours of April 24, 2015, Deputy Dennis Daniels saw a blue Nissan stopped in the traveled portion of a roadway on the outskirts of Centerville. The deputy, a twenty-six-year veteran of the force, recognized stopping or standing in the roadway is a traffic violation. After the deputy turned his patrol car around to check on the Nissan, the driver pulled into the parking lot of a closed factory. The driver then pulled out of the lot and appeared to speed away from the deputy. The deputy "activated [his] red lights and pulled the vehicle over to see what they were up to."

When the deputy approached the driver's side window, he saw an open can of Budweiser in the center console. The driver, Wilson, had glassy and bloodshot eyes. Wilson admitted having "too much" alcohol to drink. The DataMaster breath test measured Wilson's blood alcohol at .257.

The State charged Wilson with operating while intoxicated, first offense, in violation of Iowa Code section 321J.2 (2015). The defense filed a motion to suppress, alleging the traffic stop was not supported by probable cause or reasonable suspicion. Deputy Daniels was the sole witness at the suppression hearing held on September 16, 2015. The district court issued a ruling denying

the motion to suppress on the day of the hearing. Wilson waived his right to a jury trial and stipulated to the minutes of evidence. The court found him guilty based on the minutes and entered judgment on the serious misdemeanor offense.[1] Wilson now appeals, challenging only the suppression ruling.

Wilson alleges the traffic stop violated his rights under the Fourth Amendment of the United States Constitution and article I, section 8 of the Iowa Constitution. "Our review is de novo when we assess an alleged violation of constitutional rights." *See State v. Hoskins*, 711 N.W.2d 720, 725 (Iowa 2006).

On appeal, Wilson claims the deputy was not justified in conducting the investigatory stop. Wilson contends "a complete review of the deputy's testimony reveals that the deputy found no reasonable suspicion to believe that a crime was taking place but rather he wanted 'to see what Wilson was up to.'" Wilson takes that snippet of the deputy's testimony out of context.

The experienced deputy testified he was about two blocks away when he noticed Wilson's car was stopped in the traveled portion of the roadway. The deputy further testified that "stopping, standing or parking" in the traveled portion of a roadway is a violation of chapter 321. The deputy was correct. Iowa's traffic laws provide "a person shall not stop, park, or leave standing an attended or unattended vehicle upon any highway . . . when it is practical to stop, park, or leave the vehicle off that part of the highway." Iowa Code § 321.354(1)(a). "[T]he prohibition found in section 321.354 against stopping a vehicle on a highway applies to momentary, as well as extended, stops." *State v. Bevard*, No.

---

[1] Wilson's brief asserts he was convicted of operating while intoxicated, *second offense*. This assertion appears to be an error.

05-0484, 2005 WL 2990636, at *2 (Iowa Ct. App. Nov. 9, 2005) (citing *Pinckney v. Watkinson*, 116 N.W.2d 258, 263 (Iowa 1962)).

A traffic violation, no matter how minor, gives an officer probable cause to stop a motorist. *See Hoskins*, 711 N.W.2d at 726. "If a traffic violation actually occurred and the officer witnessed it, the State has established probable cause." *State v. Tyler*, 830 N.W.2d 288, 292 (Iowa 2013). In its suppression ruling, the district court recognized these legal concepts and credited the deputy's testimony he had observed a traffic violation. From the deputy's credible account, the district court concluded: "Deputy Daniels had probable cause to stop the defendant's vehicle, and the defendant's rights under the Fourth Amendment to the United States Constitution and article 1 section 8 of the Iowa Constitution have not been violated." In our de novo review, we agree with the district court's conclusion.

**AFFIRMED.**